IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02538-PAB-MEH

UNITED STATES OF AMERICA,

Plaintiff,

v.

STATE OF COLORADO,

Defendant.

**STIPULATED QUALIFIED PROTECTIVE ORDER FOR PROTECTED HEALTH INFORMATION AND OTHER CONFIDENTIAL INFORMATION**

The parties file this Stipulated Qualified Protective Order to preserve the confidentiality of protected health information and other confidential information that may be requested and produced in this action. The parties agree that a protective order concerning such information is necessary to protect the confidentiality and integrity of the information that will be exchanged in this action.

As to the disclosure of certain protected health information under 45 C.F.R. § 160.103 ("Protected Health Information"), the parties have stipulated to the entry of a Qualified Protective Order pursuant to 45 C.F.R. § 164.512(e) with regard to any disclosure in this case by any covered entity under the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. §§ 1320d – 1320d-8, 45 C.F.R. Parts 160, 162 and 164. This order enables covered entities, including

nursing facilities and other health care providers, to produce medical records and other documents and information requested by the parties.

Additionally, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists to issue a protective order, it is, therefore, hereby ORDERED:

1. As used in this Order, the following terms shall have the meanings set forth below:

a. "**Order**" means this Stipulated Qualified Protective Order.

b. "**Party**" means all named parties in the above-captioned matter, including any named party added or joined.

c. "**Third Party**" means any individual, corporation, natural person, entity, or government department or agency, including federal, state, and local that is not a Party in the above-captioned matter .

d. "**Producing Person**" means any person or entity, including any Third Party, producing Documents in this litigation.

e. The term "**Documents**" is comprehensive and includes all materials, including written, oral, or recorded, and electronic materials or data, in any form.

f. "**Discovery Material**" means any information or Documents provided during discovery in this action, including but not limited to deposition testimony and transcripts, document productions, and

responses to interrogatories, requests for production of documents, and requests for admission.

g. "**Protected Health Information**" shall be defined as it is at 45 C.F.R. § 160.103.

h. **"Protected Individuals," for the sole purposes of this protective order,** are individuals for whom a Producing Party has an obligation to maintain the confidentiality of their Protected Health Information and other Confidential Information, including, but not limited to, adult Coloradans with physical disabilities who have been, are, or will become eligible to receive State-funded disability services.

i. "**Confidential Information**" means a Protected Individual's Protected Health Information, name, address, telephone number, e-mail address, IP address, social security number, birthdate (other than the year), photograph or other image of the Protected Individual's face, health plan beneficiary number, biometric identifier, driver's license number, vehicle identification number, license plate number, employment records, or account numbers. "Confidential Information" also includes a Protected Individual's personal financial information, including information used to determine financial eligibility for public assistance programs;

sensitive personal information that may cause the Protected Individual annoyance, embarrassment, oppression, or undue burden or expense pursuant to Fed. R. Civ. P. 26(c)(1); the names of a Protected Individual's family members, household members, or minor children; any information or documents that are confidential under federal laws including but not limited to the Medicaid Act, HIPAA, and the HITECH Act, or any of their implementing regulations; or any category of information given confidential status by the Court.

j. "**Person**" refers to any natural person or other entity of any kind whatsoever.

2. Any Party or Third Party producing Discovery Material containing Confidential Information in this case shall do so in compliance with the terms of this Order. If a Party requests or demands Documents or deposition testimony from a Third Party, that Party will furnish a copy of this Order to the Third Party at the time the request or demand is made. This Order governs the production of Confidential Information in response to either formal discovery under the Federal Rules of Civil Procedure or informal requests.

3. Confidential Information shall only be used for purposes of this litigation, including appeals, petitions for rehearing or review, and proceedings for compliance with any order or court-enforced settlement.

4. Any Person subject to this Order may designate Confidential Information, as applicable, if they, in good faith, believe that the information warrants protection pursuant to this Order.

a. Documents and Things: Any Producing Person designating Confidential Information shall indicate the designation by clearly marking the Documents or information with the legend "Confidential," in a clearly visible manner that does not interfere with legibility, usability, or audibility of the designated Discovery Materials. Where marking a Document itself is not practicable, the designation shall appear in an accompanying letter or label.

b. Depositions: Any Party may designate deposition testimony as Confidential Information by promptly instructing the court reporter to mark the pages of the deposition transcript that contain Confidential Information with the legend "Confidential," and by contemporaneously notifying the other Party that that instruction was given. Whenever any document containing Confidential Information is identified as a deposition exhibit, the Party using the exhibit will ensure that it is marked with the legend "Confidential."

5. If a Producing Person inadvertently fails to designate Discovery Material as Confidential Information, such a failure will not constitute a waiver of the Producing Person's ability to claim that the Discovery Material is Confidential

Information, so long as the Producing Person promptly notifies all relevant parties in writing regarding the inadvertent failure to designate the Confidential Information.

6. A Party may object to the designation of Discovery Material as confidential by serving written notice of an objection on the Producing Person and all Parties to this action. The objecting Party and Producing Person will work in good faith on an informal basis to resolve any such dispute. If the objecting Party and Producing Person are unable to resolve the dispute within 14 days of the objecting Party providing written notice, then any participant in the designation dispute may move the Court for an order regarding the designation. The Producing Person will bear the burden of demonstrating the appropriateness of designating Discovery Material confidential.

7. In the event any document containing Confidential Information that is subject to this Order is filed with the Court prior to trial, it shall be filed electronically as a Level 1 Restricted Document in accordance with D.COLO.LCivR 7.2 and the District of Colorado ECF Civil Procedures Guideline 5.1(b). A cover sheet, which shall not contain or reveal any Confidential Information, shall be attached to each such document, which shall incorporate a statement substantially in the following form:

**CONFIDENTIAL**

**SUBJECT TO QUALIFIED PROTECTIVE ORDER**

This filing contains Confidential Information and is not to be viewed nor the contents displayed or revealed except as provided for in the Qualified Protective Order of [insert date of this Order], 2024 or by other Court order.

8. A Party receiving Confidential Information produced in this case shall maintain it in a manner that precludes unauthorized access. Confidential Information (including deposition testimony) may not be disclosed to anyone except for the following Persons:

a. The Parties;

b. Counsel for the Parties, including counsel's paralegals, support staff, and other staff assigned to this matter;

c. The Court, including the Court's personnel as necessary or appropriate;

d. Court reporters or similar qualified Persons taking testimony involving Confidential Information;

e. Deposition or trial witnesses, to the extent they require access to Confidential Information during or in preparation for their testimony;

f. Any Person or Third Party retained by a Party to serve as an expert witness or other specialized consultant, including an outside

litigation support vendor, who requires access to Confidential Information; and

g. Any other Person designated by written stipulation of the Parties or subsequent order of the Court.

9. Before Confidential Information may be disclosed to a Person or Third Party described in paragraph 8(c)–(e), the Person or Third Party must receive a copy of this Order and must execute the Non-Disclosure Agreement attached to this Order. Counsel for the Parties will retain copies of each signed Non-Disclosure Agreement.

10. If Confidential Information is disclosed to any Person or Third Party other than as authorized by Paragraphs 8 and 9 of this Order, the Party or Third Party responsible for the disclosure shall, as soon as possible, (a) bring such disclosure to the attention of the Producing Person and, where possible, to the individual(s) whose Confidential Information was disclosed; and (b) notify the recipient of the disclosure that the disclosure contained Confidential Information subject to this Order. Without prejudice to any other rights and remedies, the Person responsible for the disclosure shall make every reasonable effort to retrieve all copies of Confidential Information that were disclosed and to prevent any further unauthorized disclosure of the Confidential Information.

11. Documents or things that are subject to this Order may be marked and used as trial exhibits by any party, subject to terms and conditions as imposed by the Court upon application by the Producing Party or pursuant to the Court's previous

resolution of a timely request filed by the individual(s) who are the subject(s) of the Confidential Information. The Parties will meet and confer before trial to develop a proposed plan for handling Confidential Information at trial.

12. Within 30 days of the conclusion of this lawsuit, including appeals, petitions for rehearing or review, and proceedings for compliance with any order or court-enforced settlement, all Documents or things containing Confidential Information must either be returned to the Producing Person or destroyed, as set forth below:

a. **Returned to the Producing Person.** The receiving party shall assemble and return all items to the Producing Person, including all copies, but not including copies in any Court file or copies containing notes or attorney work product that may have been placed on it. All copies containing notes or attorney work product shall be destroyed to the extent permitted by law and the receiving party's attorney shall advise the Producing Person in writing that all such copies have been destroyed.

b. **Destroyed.** The receiving party agrees that such destruction will be carried out in a manner that will protect the confidentiality of the Confidential Information. The receiving party shall advise the Producing Person in writing that all such copies have been destroyed.

13. Notwithstanding paragraph 12 of this Order, at the conclusion of this case, unless other arrangements are agreed upon, the attorneys of record for the above-captioned matter may retain each Document containing Confidential Information confidentially consistent with the document retention and destruction policy of each attorney's practice (not to exceed seven years from the termination of the matter by the Court) and pursuant to the continuing terms of this Order.

14. The entry of this Qualified Protective Order, or any conduct pursuant to this Order, shall not be interpreted as a general waiver of privacy or confidentiality of the Confidential Information produced in this case, as a waiver of any other privilege that may attach or relate to such Confidential Information, or to otherwise permit the disclosure of Confidential Information.

15. No Person shall show, disclose, provide, or communicate, directly or indirectly, any Confidential Information to any Person or in any manner not expressly authorized pursuant to this Order.

16. Any Person subject to this Order that receives a subpoena, civil investigative demand, or other legal process from a Third Party seeking or requiring disclosure of Confidential Information from this action shall provide written notice of such request to the Producing Person no later than ten days from the date the request is received. In the event that the United States receives such subpoena or other process, it will comply with its standard operating procedures to defend against disclosure of Confidential Information to the extent permitted by law

and regulation. In the event that Confidential Information is sought from the United States under the Freedom of Information Act, 5 U.S.C. § 522 *et seq.*, the United States shall employ good faith efforts to ensure that Confidential Information is, to the extent permitted by law, protected from disclosure. If, despite good faith efforts, the United States is ordered to disclose Confidential Information and complies with that order, it shall not be in violation of this Order.

17. Statistical compilations and statistical analyses based in whole or in part on Confidential Information may be disclosed without violating this Order, provided that the statistical compilations or statistical analyses do not identify or provide a reasonable basis to identify any Protected Individual upon which the statistical compilations or statistical analyses are based without their consent.

18. Nothing in this Order affects the rights of the Parties or Producing Persons to object to the production or use of Confidential Information on grounds other than the confidentiality discussed in this Order.

19. The provisions of this Order shall remain in effect following the conclusion of this action.

20. The Court shall retain jurisdiction over Persons subject to this Order to the extent necessary to enforce this Order.

21. This Order may be modified, amended, or supplemented for by written agreement of the Parties or by order of the Court. A Party may move for

modification of, or relief from, this Order after conferring with the other Party's counsel as required by Local Rule 7.1(a).

SO STIPULATED AND AGREED.

Dated this ____ day of January, 2024.

BY THE COURT

______________________________
United States Magistrate Judge

Agreed to by counsel for the parties on January 25, 2024:

*For Plaintiff United States of America:*

REBECCA B. BOND
Chief

JENNIFER K. MCDANNELL
Deputy Chief

s/ H. Justin Park
JULIA M. GRAFF
H. JUSTIN PARK
JENNIFER ROBINS
Trial Attorneys
Disability Rights Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 353-5758
Facsimile: (202) 307-1197
julia.graff@usdoj.gov

*For Defendant State of Colorado:*

PHILIP J. WEISER
Attorney General

s/ Ryan K. Lorch
*Jennifer L. Weaver*
First Assistant Attorney General
*Corelle M. Spettigue*
*Justine M. Pierce*
*Ryan K. Lorch*
*Anne M. Mangiardi*
Senior Assistant Attorneys General
1300 Broadway, 6th Floor
Denver, CO 80203
Telephone: (720) 508-6145/6141/6551/6168/6359
Emails: 13ustine13.weaver@coag.gov
corelle.spettigue@coag.gov
13ustine.pierce@coag.gov
ryan.lorch@coag.gov
anne.mangiardi@coag.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02538-PAB-MEH

UNITED STATES OF AMERICA,

Plaintiff,

v.

STATE OF COLORADO,

Defendant.

---

**NON-DISCLOSURE AGREEMENT**

---

I, ________________________________, acknowledge that I have read, understand, and agree to be bound by the Stipulated Qualified Protective Order [insert docket number] in the above-captioned action. I will maintain the confidentiality of any Confidential Information and/or Discovery Materials designated as confidential and will not disclose any such Confidential Information or Discovery Materials except as permitted by the Stipulated Qualified Protective Order. I will also not use or cause to be used any Confidential Information for the commercial benefit of myself or any other person or entity, whether subject to this Stipulated Qualified Protective Order or not. I will return all Confidential Information to the person or entity from whom I received it upon notification by that person or entity that this matter has concluded.

By acknowledging these obligations of the Stipulated Qualified Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the District of Colorado for the purpose of any dispute or issue arising under the Stipulated Qualified Protective Order. I also understand that my willful violation of any part of the Stipulated Qualified Protective Order could subject me to punishment for contempt of Court.

Date: __________________

____________________________________
Signature

____________________________________
Printed Name